IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

A.E.A., an infant, by Konstantinos N. Angelopoulos, her natural parent and next friend,

    Plaintiff,

v.

VOLVO PENTA OF THE AMERICAS, LLC, GRADY-WHITE BOATS, INC., NORFOLK MARINE COMPANY, RICHARD S. HARRIS, AND JOHN DOES 1-50,

    Defendants.

CIVIL NO. 2:14-cv-425

FILED
JAN -9 2015
CLERK, U S. DISTRICT COURT
NORFOLK, VA

## OPINION AND ORDER

This matter is before the Court on Plaintiff A.E.A's negligence, product liability, and breach of warranty claims against Defendants Volvo Penta of the Americas ("Volvo Penta"), LLC, Grady-White Boats, Inc. ("Grady White"), Norfolk Marine Company ("Norfolk Marine"), Richard Harris, and John Does 1-50, arising from injuries Plaintiff sustained during a recreational boating accident off the coast of Virginia Beach, Virginia. Initially, Plaintiff's parent brought a suit on her behalf in the Circuit Court of the City of Norfolk, Virginia, in which Plaintiff alleged "maritime and state law causes of action." Am. Compl. ¶ 1. Plaintiff claimed that jurisdiction was valid "pursuant to the general maritime jurisdiction of the United States of America, the Savings to Suitors Clause (28 U.S.C. § 1333) and the laws of the Commonwealth of Virginia." Id. ¶ 2.

After Volvo Penta filed a Notice of Removal to remove the matter to federal court,

1

Plaintiff filed a Motion to Remand. ECF No. 18. Subsequently, Volvo Penta filed a Motion for Leave to File Amended Notice of Removal ("Motion for Leave to Amend Notice"). ECF No. 28. On December 15, 2014, the parties appeared before the Court and argued their respective positions on both motions. At that hearing, the Court took the matter under advisement. For the reasons set forth below, the Court hereby **DENIES** Volvo Penta's Motion for Leave to File Amended Notice of Removal, ECF No. 28; **GRANTS** Plaintiff's Motion to Remand, ECF No. 18; and **REMANDS** this action to the Circuit Court for the City of Norfolk, Virginia, for further proceedings in the case styled there as [REDACT] *an infant, by Konstantinos N. Angelopoulos, her natural parent and next friend v. Volvo Penta of the Americas, LLC, et al.*, Civil No. CL14-4909.

I. **FACTUAL AND PROCEDURAL HISTORY**

On about June 30, 2011, Plaintiff, who was about thirteen years old at the time, was tubing[1] with her friends in the Chesapeake Bay off of Virginia Beach. Am. Compl. ¶ 13. Plaintiff and her friends were being towed by a motor boat owned and operated by Richard Harris. Id. ¶¶ 10–13. During tubing, as is prone to occur, Plaintiff and her friends fell off of the tube. Id. ¶ 14. Upon noticing, Harris circled his boat around to pick up the children. Id. ¶ 14. When Harris approached Plaintiff and her friends, Harris shifted the boat into neutral to assure the children would be safe from the propellers while boarding the boat. Id. Although Plaintiff's friends boarded the boat without incident, when Plaintiff was boarding the boat the propeller activated and ensnared Plaintiff's leg. Id. ¶¶ 17–18. As a result, Plaintiff was pulled into the water and suffered serious and permanent injuries.

Subsequently, Plaintiff's parent brought a suit on her behalf in the Circuit Court of the

---

[1] "Tubing," in regard to this incident, is the recreational activity in which a person sits on an inflatable tube as the tube is towed behind a boat. See Compl. ¶ 13.

2

City of Norfolk, Virginia against Harris, Volvo Penta, Grady-White, Norfolk Marine, and John Does 1-50. On July 11, 2014, Plaintiff filed an Amended Complaint. On August 20, 2014, Volvo Penta filed a Notice of Removal in this Court. ECF No. 1. In its Notice, Volvo Penta relied on maritime jurisdiction, as well as the 2011 amendment to 28 U.S.C. § 1441, as grounds for removal.[2]

On September 19, 2014, Plaintiff filed a Motion to Remand seeking to remand the case to state court. ECF No. 18. On October 28, 2014, Volvo Penta filed a Motion for Leave to Amend Notice. ECF No. 28. Both motions are presently before the Court.

Although filed after the Motion to Remand, the Court will first consider Volvo Penta's

---

[2] The following paragraphs in Volvo Penta's Notice of Removal stated the basis for removal:

> 5.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333, which states that the district courts 'shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.'
>
> 6.  As amended in 2011, 28 U.S.C. § 1441(a) states:
>
>> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> 7.  In this action, Plaintiff has asserted maritime claims over which this Court has jurisdiction. As alleged by Plaintiff, the vessel was used to traverse the navigable waters of the United States of America (Am. Compl. at ¶ 12) and the subject incident occurred on the navigable waters of the Chesapeake Bay off the coast of Virginia Beach. (Am. Compl. at ¶ 13.) In addition, the subject incident which forms the basis of the claims in Plaintiffs Amended Complaint had the potential of disrupting traditional maritime activity. See, e.g., In re Bird, 794 F. Supp. 575 (D.S.C. 1992); see also Wright v. U.S., 883 F. Supp. 60 (D.S.C. 1994).
>
> 8.  Accordingly, as a result of the 2011 amendment to § 1441, this action is removable to this Court. See Ryan v. Hercules Offshore, Inc., 945 F. Supp. 2d 771 (S.D. Tex. 2013); see also Bridges v. Phillips 66 Co., 2013 WL 6092803 (M.D. La. 2013); Wells v. ABC Boat Rentals Inc., 2013 WL 3110322 (S.D. Tex. 2013).

Notice of Removal, ¶¶ 7-9, ECF No. 1.

Motion for Leave to Amend Notice, as the Court's ruling on this Motion will directly affect what jurisdictional statements in the Notice of Removal it may consider when deciding Plaintiff's Motion to Remand.

## II. MOTION FOR LEAVE TO AMEND NOTICE

In its Motion for Leave to Amend Notice, Volvo Penta seeks to leave to edit its Notice of Removal. Although many of these proposed edits are cosmetic, Volvo Penta requests certain substantive changes to legal statements in the Notice of Removal. Volvo Penta seeks to add jurisdictional statements asserting that federal question jurisdiction is a basis of removal for this action. Specifically, Volvo Penta seeks to add language claiming federal question jurisdiction exists under the Federal Boat Safety Act of 1971, 46 U.S.C. § 4301, *et seq.*, a regulatory statute enacted to improve the safe operation of recreational vessels in navigable waters.[3] The present inquiry before the Court is whether Volvo Penta is permitted to make such a substantive addition

---

[3] Volvo Penta seeks to add the following paragraph to its Notice of Removal:

> This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 under the Federal common law; as well as under the Federal Boat Safety Act of 1971, 46 U.S.C. § 4301, *et seq.*, to include the Coast Guard regulations issued thereunder at 33 CFR § 173 (recreational vessels), § 175 (equipment requirements), as well as the preemptive regulations set forth in § 181 (manufacturer requirements) and § 183 (boats, associated equipment and boating safety); 28 U.S.C. § 1441; and 28 U.S.C. § 1446.

In addition, Volvo Penta also seeks to add the highlighted sentence below to paragraph 7 of its Notice:

> In this action, Plaintiff has asserted maritime claims over which this Court has jurisdiction. As alleged by Plaintiff, the vessel was used to traverse the navigable waters of the United States of America (Am. Compl. at ¶ 12) and the subject incident occurred on the navigable waters of the Chesapeake Bay off the coast of Virginia Beach. (Am. Compl. at ¶ 13.) **As a result, Plaintiff has asserted both maritime and federal question negligence claims (federal common law and Federal Boat Safety Act of 1971, 46 U.S.C. §§ 4301, et seq.) and product liability claims (46 U.S.C. §§ 4301, et seq., Federal Boat Safety Act of 1971).** In addition, the subject incident which forms the basis of the claims in Plaintiffs Amended Complaint had the potential of disrupting traditional maritime activity. See, e.g., In re Bird, 794 F. Supp. 575 (D.S.C. 1992); see also Wright v. U.S., 883 F. Supp. 60 (D.S.C. 1994).

Volvo Penta's Mot. for Leave, Ex. 1 ¶¶ 5, 9, ECF No. 28.

to its Notice of Removal.

A.  **Standard of Review**

"Under 28 U.S.C. § 1446(b), a defendant sued in state court has thirty days from service of process in which to file a removal petition in the federal court." Muhlenbeck v. KI, LLC, 304 F. Supp. 2d 797, 799 (E.D. Va. 2004) (Smith, J.). "[D]uring that thirty-day removal period, a defendant seeking removal generally has the right to amend its removal petition to include either missing or imperfectly stated grounds for removal." Id. "After the thirty-day removal period, a defendant may amend its removal petition with leave of court, pursuant to 28 U.S.C. § 1653 . . . ." Id. Under this statute, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

B.  **Analysis**

As Volvo Penta's request to amend its Notice of Removal occurs well outside the thirty-day period following service in which a defendant has a right to amend, Volvo Penta relies on § 1653 to amend its Notice. Whether § 1653 permits a party to add statements asserting federal question jurisdiction as a basis for removal when its original Notice of Removal relied on other grounds is a novel issue.[4] The Court has not found, and the parties do not identify, a case in which a court has explicitly considered if § 1653 permits such an addition. Instead, both parties have cited to cases that decided the propriety of amendments under § 1653 to Notices of Removal that involved diversity jurisdiction. However, these cases have no bearing on the Court's present inquiry.

Despite the absence of a case directly addressing whether § 1653 permits a party to add

---

[4] In responding to Volvo Penta's Motion for Leave to Amend Notice, Plaintiff's opposition brief includes a request for just costs and expenses, including attorney's fees. Plaintiff argues that Volvo Penta's attempt to add new jurisdictional allegations was made in spite of clear precedent to the contrary. However, as the issue is novel, Volvo Penta's Motion for Leave to Amend Notice did not rise to the level of sanctionable conduct under Federal Rule of Civil Procedure 11. Consequently, the Court denies Plaintiff's request for costs and fees.

5

statements asserting federal question jurisdiction when its Notice relied on other grounds for removal, this Court finds that the application of the Fourth Circuit's ruling in Wood v. Crane Co., 764 F.3d 316 (4th Cir. 2014) appropriately resolves this issue. In Wood, the Fourth Circuit interpreted § 1653 to determine whether the statute permitted the defendant to amend his notice of removal to include federal officer jurisdiction. The court first identified "a split among our circuit's district courts" between the "strict constructionist school" and the "liberal approach" in interpreting § 1653. 764 F.3d at 323. However, the Fourth Circuit found that

> these two schools differ only in verbiage. The upshot is the same: after thirty days, *district courts have discretion* to permit amendments that *correct allegations already present* in the notice of removal. Courts have *no discretion to permit amendments furnishing new allegations of a jurisdictional basis*. The trick lies in placing a case within one of those two categories.

Id. (emphasis added).

Volvo Penta argues that its proposed addition is not substantive but simply provides clarification to the grounds already raised in its Notice. Volvo Penta points out that it already raised original jurisdiction in its Notice, which encapsulates "both federal question and admiralty jurisdiction." However, applying the Wood test to the present case, Volvo Penta cannot claim that its proposed amendment "correct[s] allegations already present in the notice of removal." As noted earlier, in its Notice of Removal, Volvo Penta initially relied on maritime jurisdiction, as well as the 2011 amendment to 28 U.S.C. § 1441, as grounds for removal. Furthermore, as correctly pointed out by Plaintiff, Volvo's original Notice contains no mention of separate federal question jurisdiction, non-maritime federal common law, or the federal question jurisdictional statutes. Although the Notice does cite to 28 U.S.C. § 1441, which discusses the removability of cases that possess a federal question in subsection (c), the Notice specifically cites to subsection (a). This subsection merely restates the general law regarding removal: "any

6

civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." 28 U.S.C. § 1441(a). To allow defendants to amend their Notices of Removal to add any subcategories of original jurisdiction, such as federal question or diversity jurisdiction, anytime their Notice cited the general removal statute would broaden permissible amendments under § 1653 to an extent that would render the statute meaningless.[5] After all, a defendant who simply cited to the general removal statute in its Notice of Removal could then subsequently amend his or her Notice at any time afterward—effectively removing any purpose for § 1653.

However, the Court's inquiry does not end here. Volvo Penta also argues that its reference to the saving to suitors clause (or "savings clause"), 28 U.S.C. § 1333, as well as maritime jurisdiction generally, in its original Notice allows Volvo to amend the Notice to add grounds for federal question jurisdiction. As no cases have directly considered this issue, the Court again must rely on the Wood rule. Applying this rule, this Court finds that Volvo's proposed amendment seeking to add grounds for federal question jurisdiction to a Notice of Removal that only specifically references maritime law and the saving to suitors clause constitutes "new allegations of a jurisdictional basis."

First, Supreme Court precedent indicates that federal question jurisdiction and maritime jurisdiction are separate and distinct grounds for jurisdiction. In Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S. Ct. 468 (1959), the Supreme Court considered whether the federal question statute should incorporate claims brought under maritime

---

[5] In support of its argument, Volvo Penta also points out that the civil cover sheet for its Notice of Removal marked the case as brought under federal question jurisdiction. However, the docket sheet lists only two options for jurisdiction, federal question jurisdiction and diversity jurisdiction, and includes no entry for maritime jurisdiction or any other separate and distinct grounds for jurisdiction. Therefore, finding this mark to be persuasive would largely broaden § 1653 beyond its intended scope, as under Volvo Penta's reasoning, every case not marked as diversity jurisdiction would be considered a federal question case. Accordingly, the Court refuses to consider the mark on the docket sheet to have any persuasive value.

7

jurisdiction. However, the Supreme Court refused to equate maritime jurisdiction and federal question jurisdiction—exhibiting that both grounds are separate jurisdictional foundations. 358 U.S. at 371–72, 79 S. Ct. at 479–81. Clearly, the addition of another completely separate and distinct ground for jurisdiction constitutes "new allegations of a jurisdictional basis" under Wood. Therefore, based on the Supreme Court's ruling in Romero, the Court finds that the addition of federal question jurisdiction to Volvo Penta's Notice of Removal is not equivalent to a simple correction of "allegations already present in the notice of removal." Instead, as maritime and federal question jurisdiction are separate and distinct grounds for jurisdiction, the Court finds the addition of federal question jurisdiction to Volvo Penta's Notice of Removal constitutes "new allegations of a jurisdictional basis."

Second, Volvo Penta's reference to the saving to suitors clause in its Notice is not a sufficient basis as to invoke federal question jurisdiction. As discussed in more detail later, the saving to suitors clause grants concurrent jurisdiction of maritime cases to both state and federal courts. See Lewis v. Lewis Clark Marine, Inc., 531 U.S. 438, 445, 121 S. Ct. 993, 999 (2001). Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 222, 106 S. Ct. 2485, 2494 (1986); Romero, 358 U.S. at 480, 79 S. Ct. at 372. Thus, the mere reference of the saving to suitors clause in itself cannot invoke federal question jurisdiction when the clause preserves a plaintiff's right to pursue maritime claims in state court. Furthermore, despite Volvo Penta's claims to the contrary, the mere fact that it cited a statute in its Notice of Removal does not allow it to subsequently add another statute to its Notice. Volvo Penta has presented no case law to support this proposition. Therefore, in light of the fact that the statute Volvo Penta seeks to add is regulatory, while the statute it cited in its Notice is jurisdictional, Volvo Penta's proposed addition is clearly a new allegation of jurisdiction. Again, allowing such an amendment on these grounds would surely

broaden § 1653 beyond its intended scope.[6]

Therefore, the Court finds that Volvo Penta's proposed changes to its Notice of Removal would constitute "new allegations of a jurisdictional basis" under Wood and, consequently, are not permitted under § 1653. Accordingly, the Court **DENIES** Volvo Penta's Motion for Leave to Amend Notice.

### III. MOTION TO REMAND

In addition to Volvo Penta's Motion for Leave to Amend Notice, Plaintiff also brings a Motion to Remand. Since the Court has denied Volvo Penta's Motion for Leave to Amend Notice, for the purpose of deciding Plainitff's Motion, the Court considers Volvo Penta's Notice of Removal the form presently filed with the Court.

#### A. Standard of Review

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." Id.; Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 507 (E.D. Va. 1992) ("[C]ourts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court."). However, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

---

[6] The Court's ruling today does not decide, nor intends to decide, whether citing a substantive, non-jurisdictional statute in a Notice of Removal would allow a defendant to supplant or add another substantive statute to its Notice under § 1653.

B. Analysis

In its Notice of Removal, Volvo Penta relied on two major grounds for removal. First, it stated that federal courts have original jurisdiction over maritime claims. Second, it also maintained that the 2011 amendment to the general removal statute, 28 U.S.C. § 1441, rendered maritime claims removable to federal court. The Court disagrees with both contentions. Not only do both arguments clearly ignore the presence of the saving to suitors clause but, as discussed further below, the 2011 amendment to § 1441 did not permit maritime claims to be removed to federal court without an independent basis for jurisdiction.

Under the saving to suitors clause, 28 U.S.C. § 1333, "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). The Supreme Court has interpreted the saving to suitors clause "as a grant to state courts of *in personam* jurisdiction, concurrent with admiralty courts." Lewis, 531 U.S. at 445, 121 S. Ct. at 999; Tallentire, 477 U.S. at 222, 106 S. Ct. at 2494 ("The 'saving to suitors' clause leaves state courts competent to adjudicate maritime causes of action in proceedings *in personam* and means that 'a state, having concurrent jurisdiction, is free to adopt such remedies, and to attach to them such incidents, as it sees fit so long as it does not attempt to [give in rem remedies or] make changes in the 'substantive maritime law.'"); Romero, 358 U.S. at 480, 79 S. Ct. at 372 ("By making maritime cases removable to the federal courts it would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters—a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve."); see also Norton v. Switzer, 93 U.S. 355, 356 (1876) ("Parties in maritime cases are not . . . compelled to proceed in the admiralty at all, as they may resort to

their common-law remedy in the State courts . . . ."). Under this interpretation, plaintiffs have the choice of bringing *in personam* maritime claims in either a state or federal forum.[7] Furthermore, a defendant may only remove a case in which an *in personam* maritime claim is brought when the case includes an independent ground for federal jurisdiction.

Volvo Penta seems to ignore the saving to suitors clause and primarily relies on <u>Ryan v. Hercules Offshore, Inc.</u>, 945 F. Supp. 2d 772 (S.D. Tex. 2013), and its progeny in support of removal. In <u>Ryan</u>, the court found that the 2011 amendment to § 1441 removed language in the statute that had previously barred the removal of maritime claims. The <u>Ryan</u> court specifically relied on the Fifth Circuit case <u>In re Dutile</u>, 935 F.2d 61 (5th Cir. 1991). In <u>Dutile</u>, the Fifth Circuit had concluded that

> The first sentence of [the 2006 version of § 1441(b)] provides that removal of actions 'founded on a claim or right arising under the Constitution, treaties or laws of the United States' may proceed without regard to the citizenship of the parties. Emphatically, claims in admiralty, whether designated in rem or in personam, do *not* fall within this category. . . . Thus, admiralty and general maritime claims fall within the category of '[a]ny other [civil] action' governed by the second sentence of § 1441(b). As such, they are 'removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.' The practical effect of these provisions is to prevent the removal of admiralty claims pursuant to § 1441(a) unless there is complete diversity of citizenship (predicated upon out-of-state defendants).

935 F.2d at 62–63 (emphasis in original).[8] However, as the <u>Ryan</u> court pointed out, a 2011

---

[7] Volvo Penta contests this interpretation and argues that the saving to suitors clause only applies to preserve maritime remedies in state court, not state court jurisdiction. However, in light of the weight of the Supreme Court precedent to the contrary, the Court refuses to adopt Volvo Penta's position.

[8] Prior to the 2011 amendment, 28 U.S.C.A. § 1441 read as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

11

amendment had removed the "any other civil action" language in § 1441 upon which the Dutile court found had previously prohibited the removal of maritime and admiralty claims.[9] Id. at 777. As a result, the Ryan court concluded that the 2011 amendment to § 1441 altered traditional removal jurisdiction in a manner that now permitted the removal of maritime claims to federal court, without needing any independent basis for federal jurisdiction. Id. at 778. Although the Fifth Circuit has yet to weigh in on the issue, several federal courts have since followed this rationale to side with the Ryan court. See e.g., Provost v. Offshore Serv. Vessels, LLC, No. 14–cv–89, 2014 WL 2515412 (M.D. La. June 4, 2014); Garza v. Phillips 66 Co., No. 13–cv–742, 2014 WL 1330547 (M.D. La. Apr.1, 2014); Harrold v. Liberty Ins. Underwriters, Inc., No. 13–cv–762, 2014 WL 688984 (M.D. La. Feb. 20, 2014); Carrigan v. M/V AMC AMBASSADOR,

---

> place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Ryan, 945 F. Supp. 2d at 774–75 (quoting 28 U.S.C.A. § 1441(a) & (b) (2006)).

[9] After § 1441 was amended in 2011, the statute read as follows:

> **(a) Generally.**—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> **(b) Removal based on diversity of citizenship.**—(1) In determining whether a civil action is removal on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

Ryan, 945 F. Supp. 2d at 774 (quoting 28 U.S.C.A. § 1441(a) & (b) (2012)).

12

No. 13–3208, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014); Wells v. Abe's Boat Rentals, Inc., Civ. A. No. H–13–1112, 2013 WL 3110322, at *4 (S.D.Tex. June 18, 2013); Bridges v. Phillips 66 Co., No. 13–477, 2013 WL 6092803, at *4–5 (M.D. La. Nov.19, 2013).

Nevertheless, the Court refuses to follow the Ryan decision. To begin with, the Ryan court failed to sufficiently account for the saving to suitors clause. Although the Fourth Circuit has yet to weigh in on the issue, the Court finds a recent opinion from the District Court of Maryland, Cassidy v. Murray, --- F. Supp. 2d ----, 2014 WL 3723877 (D. Md. Jul 24, 2014), to be make persuasive arguments on this point. In that case, the court rejected Ryan on the grounds that "the Dutile and Ryan courts' focus on section 1441 fail to apportion sufficient weight to the savings clause." Cassidy, 2014 WL 3723877, at *2. The Cassidy court pointed out that adopting the Ryan court's reasoning would contradict the Supreme Court's reasoning in Romero. As mentioned earlier, in Romero, the Supreme Court considered whether the federal question statute should encompass claims brought under maritime jurisdiction. In deciding against making such a finding, the Supreme Court specifically relied on the fact that such an expanded view of federal question would eviscerate "the historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal," which the saving to suitors clause seeks to preserve. Romero, 358 U.S. at 371–72, 79 S. Ct. at 479–81. The Cassidy court relied on this language in reasoning that adopting the ruling in Ryan and Dutile would permit "the very occurrence the Supreme Court attempted to avoid in Romero—the evisceration of the savings clause." Cassidy, 2014 WL 3723877, at *4. This Court agrees with the Cassidy's courts analysis of Romero and the saving to suitors clause.

Furthermore, the basic tenets of statutory construction show that the Ryan court clearly ignored the saving to suitors clause when examining § 1441. That statute clearly states that

13

"[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." 28 U.S.C.A. § 1441(a). When read in light of the saving to suitors clause, a plain meaning interpretation of § 1441 undermines the Ryan court's reasoning. The first clause of subsection (a) of § 1441 is prefaced with the statement "[e]xcept as otherwise expressly provided by Act of Congress." When considering this language, the saving to suitors clause, which establishes concurrent jurisdiction over maritime cases, is an Act of Congress in which Congress has expressly provided an exception to an otherwise removable action under § 1441.

Finally, despite Volvo Penta's arguments to the contrary, the legislative history of the 2011 amendment to §1441 does not support such a jurisdictional change in maritime law.[10] "Under established canons of statutory construction, 'it will not be inferred that Congress, in revising and consolidating the laws, intended to change their effect unless *such intention is clearly expressed.*'" Ngiraingas v. Sanchez, 495 U.S. 182, 200, 110 S. Ct. 1737, 1747 (1990) (quoting Finley v. United States, 490 U.S. 545, 554, 109 S. Ct. 2003, 2009 (1989) (emphasis added)). The applicable legislative record does not express any intention to rework the removability of maritime claims. In fact, the record fails to mention maritime claims at all. See H.R. Rep. No. 112-10, at 11-12 (2011), as reprinted in 2011 U.S.C.C.A.N. 576, 580. Furthermore, the legislative record indicates that the change to § 1441 was made for an entirely different, unrelated reason—to increase clarity. The record states that the "[p]roposed paragraph 1441(b)(2) restates the substance of the last sentence of current subsection 1441(b), which relates

---

[10] It is important to note that the Ryan court never reviewed the statutory record of the 2011 amendment to § 1441. The Ryan court refused to examine the statutory record on the grounds that "[i]n the Fifth Circuit, the 'law is crystal clear that when . . . the language of a statute is unambiguous, [the court] has no need to and will not defer to extrinsic aids or legislative history . . . . Clear statutory language is dispositive." Ryan, 945 F. Supp. 2d at 778.

14

only to diversity."[11] Id. at *12. From this language the Court can reasonably infer that the substance of § 1441 was never meant to change, as subsection (b)(2) of the new amended statute simply restates the deleted material.

In light of this legislative record, Romero, and the plain meaning statutory interpretation of § 1441, the Court must deviate from Ryan. Reinforcing this position is the fact that, as correctly pointed out by Plaintiff during oral argument, the weight of the relevant authority has slowly but gradually come to oppose Ryan. See Harrold v. Liberty Ins. Underwriters, Nos. 13-762, 13-831, 2014 WL 5801673, at *3 (M.D. La. Nov. 7, 2014) ("The Court believes that the correct view is also the *majority view* and that general maritime claims are not removable, despite the changes to 28 U.S.C. § 1441." (emphasis added)); see e.g., Perise v. Eni Petroleum, U.S., L.L.C., No. 14-99, 2014 WL 4929239, (M.D. La. Oct. 1, 2014); Bartman v. Burrece, No. 14-80, 2014 WL 4096226 (D. Alaska Aug. 18, 2014); Gregoire v. Enter. Marine Servs., LLC, —- F.Supp.2d ——, 2014 WL 3866589 (E.D. La. Aug. 6, 2014); Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC, No. 14-934, 2014 WL 3796150 (E.D. La. July 29, 2014); Cassidy, 2014 WL 3723877 at 4; Porter v. Great Am. Ins. Co., No. 13-3069, 2014 WL 3385148 (W.D. La. July 9, 2014); Figueroa v. Marine Inspection Servs., ——F.Supp.2d. ——, 2014 WL 2958597 (S.D. Tex. July 1, 2014); In re Foss Mar. Co., —— F.Supp.2d ——, 2014 WL 2930860 (W.D. Ky. June 27, 2014); Alexander v. Seago Consulting, LLC, No. 14-1292, 2014 WL 2960419 (S.D. Tex. June 23, 2014); Pierce v. Parker Towing Co., Inc., No. 14-73, 2014 WL 2569132 (S.D. Ala. June 9, 2014); Gabriles v. Chevron USA, Inc., No. 14-669, 2014 WL 2567101 (W.D. La. June 6, 2014); Perrier v. Shell Oil Co., No. 14-490, 2014 WL 2155258 (E.D. La. May 22, 2014); Rogers v. BBC Charting Am., LLC, No. 13-3741, 2014 WL 819400 (S.D.

---

[11] Volvo Penta relied on the legislative record to support its argument. However, it, seemingly disingenuously, cited to a section that explained the changes to subsection (c) of § 1441, which references the joinder of federal and start claims, rather than relevant section, subsection (b), of § 1441.

Tex. Mar. 3, 2014); Coronel v. AK Victory, No. 13–2304, 2014 WL 820270 (W.D. Wash. Feb. 28, 2014); see also David W. Robertson & Michael F. Sturley, *Recent Developments in Admiralty and Maritime Law at the National Level and in the Fifth and Eleventh Circuits*, 38 Tul. Mar. L.J. 419, 477–78 (2014) ("The statutory-language exegesis in Ryan is thorough and careful, but we think the judge's conclusion that Romero (probably through congressional inadvertence) has become a dead letter seems too radical to be acceptable. We do not believe the Fifth Circuit will agree with the Ryan court."). One recent district court case within Ryan's own district has gone as far as to specifically reject the Ryan court's analysis. See Figueroa, --- F. Supp. 2d ----, 2014 WL 2958597, at *2 ("This Court disagrees with the holding in Ryan."). Accordingly, the Court finds that the 2011 amendment to § 1441 did not impact the removability of maritime claims. As a result, the saving to suitors clause guarantees that unless a valid independent basis for federal jurisdiction exists, a plaintiff can bring a maritime action in whichever court she chooses.

In a last ditch effort to establish federal jurisdiction, Volvo Penta attempted to argue at the hearing that an alleged valid independent basis for federal jurisdiction existed under the Federal Boat and Safety Act of 1971. Although not mentioned in its Notice of Removal, Volvo Penta asserts that Plaintiff's Amended Complaint implicated the Federal Boat and Safety Act of 1971. For support, Volvo Penta cited Jackson v. Miss. Farm Bureau Mut. Ins. Co., 947 F. Supp. 252, 255 (S.D. Miss. 1996), to establish that "plaintiffs may not avoid federal jurisdiction simply by failing to denominate as federal what is in substance a federal claim, i.e., by artful pleading." See also Discover Bank v. Vaden, 489 F.3d 594 (4th Cir. 2007) ("[W]e are required to look beyond the plaintiffs' artful attempts to characterize their claims to avoid federal jurisdiction." (quoting Phipps v. FDIC, 417 F.3d 1006, 1011 (8th Cir. 2005)).

However, the Federal Boat and Safety Act of 1971 does not apply to the present case. The Supreme Court has already held that the Federal Boat and Safety Act of 1971 did not preempt common law claims. Sprietsma v. Mercury Marine, a Div. of Brunswick Corp., 537 U.S. 51, 64, 123 S. Ct. 518, 527 (2002). Furthermore, the Court finds that Plaintiff's Amended Complaint does not implicate the Federal Boat and Safety Act of 1971. Plaintiff's Amended Complaint specifically brings "maritime and state law causes of action" under the jurisdiction of the saving to suitors clause and the laws of Virginia. Am. Compl. ¶¶ 1–2. The present action clearly centers around the potential negligence of Harris and the potentially defective design of the transmission and shift actuator in his vessel. These issues can be easily resolved without referencing any provisions of the Federal Boat and Safety Act of 1971. The statute and regulations, after all, contain no provisions establishing, or even mentioning, any safety requirements regarding a vessel's transmissions or gears—beyond a single, unrelated regulation regarding a start-in-gear protection. See 33 C.F.R. § 183.710. Therefore, as the Federal Boat and Safety Act of 1971 is not implicated in the present action, and Volvo Penta's Notice of Removal does not reference any specific ground for jurisdiction, the Court finds there is no valid independent basis for federal jurisdiction.

In light of the above analysis, Plaintiff was entitled under the saving to suitors clause to pick a forum for her maritime action and chose to bring her suit in the Circuit Court for the City of Norfolk, Virginia. As there is no valid independent basis for federal jurisdiction, the Court has no choice but to respect Plaintiff's right to choose a forum under the savings to suitor clause.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this action to the Circuit Court for the City of Norfolk, Virginia, for further proceedings in the case styled there as [REDACT] *an infant, by Konstantinos N. Angelopoulos, her natural parent and*

*next friend v. Volvo Penta of the Americas, LLC, et al.*, Civil No. CL14-4909.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Volvo Penta's Motion for Leave to File Amended Notice of Removal, ECF No. 28; **GRANTS** Plaintiff's Motion to Remand, ECF No. 18; and **REMANDS** this action to the Circuit Court for the City of Norfolk, Virginia, for further proceedings in the case styled there as [REDACT] *an infant, by Konstantinos N. Angelopoulos, her natural parent and next friend v. Volvo Penta of the Americas, LLC, et al.*, Civil No. CL14-4909.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
January ___, 2015